UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DELFON BLAIR, | : | Case No. 1:22-cv-77 |
| Plaintiff, | : | |
| vs. | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| HAMILTON COUNTY JUSTICE'S CENTER, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Delfon Blair has filed a civil Complaint against "Hamilton County Justice's Center" alleging violations of due process. (Doc. 1; *see also* Civil Cover Sheet, Doc. 1-1). The case was docketed as a civil rights action under 42 U.S.C § 1983. It has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. It is currently before the Undersigned for an initial screen of the Complaint.

**The Complaint Should be Dismissed**

By separate order, the Court granted Blair permission to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because Blair is proceeding *in forma pauperis*, this Court is required to screen his Complaint and must dismiss it, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal*

and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Blair asserts in the Complaint that on November 8 or 9, 2021, he was arrested for domestic violence but not identified out of a lineup, not photographed, and not fingerprinted. (Complaint, Doc. 1, PageID 4). Because he was not booked, he argues, he was falsely imprisoned and his due process rights were violated. (*Id*.). He "want[s] the court to provide the cam[e]ras where I was acting up so bad they couldn't finger print me or to pay me my money of [$]100,000.00." (*Id*. at PageID 5).

Blair's Complaint should be dismissed for failure to state a claim upon which relief may be granted. His claim that his due process rights have been violated appears to raise a claim under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. (Doc. 1,

3

PageID 4). That statute provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must set forth facts satisfying two elements: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by *a person* acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted) (emphasis added).

The sole defendant in the Complaint is "Hamilton County Justice's Center." (Doc. 1). The Hamilton County Justice Center is a correctional facility. *See Howell v. Hamilton County Justice Center,* No. 1:15-cv-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (noting that the Hamilton County Justice Center is a jail), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015); *see also* https://www.hcso.org/justice-center-services/ (accessed April 12, 2022). A correctional facility is not a "person" or legal entity that can be sued under § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422 (6th Cir. 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (per curiam)). *See also Howell,* 2015 WL 2406082, at *3; *Aladimi v. Hamilton County Justice Center*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton County Justice Center is not a person subject to suit), *adopted,* 2020 WL 529585 (S.D. Ohio Feb. 17, 2012). Even if the Court were to liberally construe the complaint as against Hamilton County itself, Blair has failed to allege that his constitutional rights were violated pursuant to a county policy, which would be required for such a claim. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

Because Blair has not named a suable entity, he fails to state a claim on which relief may be granted under § 1983. Accordingly, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Blair Should be Deemed a Vexatious Litigant

This is not the first time Blair has sued the Hamilton County Justice's Center or a similarly-named defendant. In two other cases in the last few years, Blair has sued, and this Court has rejected his suit against the facility. *See Blair v. Hamilton County Justice Center,* No. 1:18-cv-267, 2018 WL 1997980, at *2 (S.D. Ohio Apr. 27, 2018), *adopted,* 2018 WL 2208297 (S.D. Ohio May 14, 2018) (dismissed in part because the Hamilton County Justice Center is not a person under § 1983); *Blair v. Hamilton County Detention Center Jail Facility*, No. 1:22-cv-5, 2022 WL 354594, at *2 (S.D. Ohio Feb. 7, 2022) (recommending dismissal in part because the sole named defendant was not a person under § 1983). *See also Blair v. Hamilton County Justice Center*, No. 1:13-cv-177 (S.D. Ohio 2013) (dismissing case because Blair failed to pay the filing fee). In one of these cases, in fact, Blair raised almost identical allegations as he raised here. *See Blair v. Hamilton County Detention Center Jail Facility,* No. 1:22-cv-5, 2022 WL 354594, at *2 (S.D. Ohio Feb. 7, 2022) ("In the complaint, plaintiff claims that on November 8, 2021, he 'was arrested, no[t] identified out [of] a lineup, no id, no finger prints, not t[a]ken to arraignment, or the other court date, not t[a]ken to court or evaluated.'").

Blair has sued other jails or detention facilities, with the same result. *See, e.g. Blair v. Warren County Jail,* No. 1:13-cv-175 (S.D. Ohio April 15, 2013) ("The Warren County Jail is merely an arm of Warren County and is not a 'person' or legal entity capable of being sued in this § 1983 action"); *Blair v. Kenton County Detention Center,* No. CV 2:17-185, 2017 WL 6814966, at *2 (E.D. Ky. Oct. 23, 2017) ("Blair has named KCDC as a defendant, but a jail is

5

not a suable entity apart from the county that operates it"); *see also Blair v. Kentucky Correctional Psychiatric Center*, No. CV 17-191, 2017 WL 6813665, at *1 (E.D. Ky. Oct. 24, 2017) (dismissing complaint that was "barely []legible and difficult to comprehend"). Since the time he filed the Complaint in this case, Blair has also sued the Hamilton County Courthouse. *See Blair v. Hamilton County Courthouse*, No. 1:22-cv-79 (S.D. Ohio Mar. 25, 2022) (recommending dismissal for failure to prosecute).

Blair has filed dozens of cases in this Court and other district courts. In 2017, the Eastern District of Kentucky summarized his cases filed up until then:

> To put Blair's current complaint in context, on a single day in 2013 Blair filed 11 cases in the United States District Court for the Southern District of Ohio. The first three were dismissed for failure to state a claim. *Blair v. Walmart*, No. 1:13-CV-173-SSB-KLL (S.D. Ohio 2013); *Blair v. Best Buy*, No. 1:13-CV-174-TSB-KLL (S.D. Ohio 2013); *Blair v. Warren Cty. Jail*, No. 1: 13-CV-175-MRB-KLL (S.D. Ohio 2013). His later cases were dismissed for failure to prosecute because 28 U.S.C. § 1915(g) prevented Blair from proceeding as a pauper and he failed to pay the required fee. *Cf. Blair v. Warren Cty. Law Library Clerk*, No. 1:13-CV-176-SSB-SKB (S.D. Ohio 2013); *Blair v. Macy's*, No. 1:13-CV-180-SAS-KLL (S.D. Ohio 2013).
>
> Blair has followed a similar pattern in this Court, filing more than a dozen civil-rights complaints or habeas corpus petitions in the last two months. In August 2017, Blair filed six separate civil rights actions in this Court: *Blair v. Kenton Cty. Det. Ctr.*, No. 2: 17-CV-128-DLB (E.D. Ky. 2017); *Blair v. Kenton Cty. Det. Ctr.*, No. 2: 17-CV-129-DLB (E.D. Ky. 2017); *Blair v. Kenton Cty. Det. Ctr.*, No. 2: 17-

6

CV-130-DLB (E.D. Ky. 2017); *Blair v. Kenton Cty. Det. Ctr.*, No. 2: 17-CV-131-DLB (E.D. Ky. 2017); *Blair v. Kenton Cty. Det. Ctr.*, No. 2: 17-CV-132-DLB (E.D. Ky. 2017); and *Blair v. Kenton Cty. Det. Ctr.*, No. 2: 17-CV-133-DLB (E.D. Ky. 2017).

> Like Blair's present complaint, those complaints were barely illegible and difficult to comprehend, and all were dismissed by the Court upon initial screening for failure to state a claim and/or failure to comply with the Federal Rules of Civil Procedure. Two months later, Blair filed four more civil rights complaints in this Court: *Blair v. Kenton Cty. Det. Ctr., et al.*, No. 2: 17-CV-185-WOB (E.D. Ky. 2017); *Blair v. Ky. Corr. Psych. Ctr., et al.*, No. 2: 17-CV-186-WOB (E.D. Ky. 2017); *Blair v. David L. Bunning, et al.*, No. 2:17-CV-187-WOB (E.D. Ky. 2017); and *Blair v. Commonwealth of Kentucky, et al.*, No 2:17-CV-188-WOB (E.D. Ky. 2017). Similarly, the allegations in each of these cases were either incoherent or failed to provide any basis for a viable claim.

*Blair v. Kentucky Correctional Psychiatric Center*, No. CV 17-191-DLB, 2017 WL 6813665, at *1-2 (E.D. Ky. Oct. 24, 2017).

In recent months, Blair has filed a new series of cases in the Southern District of Ohio, some of which are discussed above. *See Blair v. Blair*, No. 1:21-cv-7880 (S.D. Ohio 2021); *Blair v. Hamilton County Detention Center Jail Facility*, No. 1:22-cv-5 (S.D. Ohio 2022); *Blair v. Hamilton County Justice's Center*, No. 1:22-cv-77 (S.D. Ohio 2022 (this case)); and *Blair v. Hamilton County Courthouse, et al.*, No. 1:22-cv-79 (S.D. Ohio 2022). Some additional cases were filed in this Court, but transferred to the Southern District of Florida, and there dismissed. *See Blair v. State of Florida*, No. 22-cv-14031-BLOOM (S.D. Florida Jan. 24, 2022) (dismissing

Blair's "unintelligible" complaint because it is frivolous and failed to state a claim); *Blair v. St. Lucie Police Department*, No. 22-14019-CIV-SINGHAL (S.D. Florida Mar. 18, 2022) (dismissing case for failure to comply with a court order). *See also Blair v. Fort Pierce Courthouse and Fort Pierce Jail*, No. 22-14073-CIV-MARTINEZ (S.D. Florida Mar. 23, 2022) (dismissing complaint under §§ 1915(g) and 1915A).[1]

Blair has been deemed a "three striker" under 28 U.S.C. § 1915(g), by which Congress has restricted prisoners' ability to proceed *in forma pauperis*. *See Blair v. Warren Co. Law Library Clerk*, No. 1:13-CV-176 (S.D. Ohio April 17, 2013) (denying motion to proceed *in forma pauperis* because of Blair's three previous dismissals, or "strikes"). Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915, says:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This restriction, aimed at curbing abusive litigation, applies to "prisoners." 18 U.S.C. § 1915(g). A "prisoner" in this context is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 18 U.S.C. § 1915(h); *see also* 42 U.S.C. § 1997e(h) (defining prisoner in the same way). This

---

[1] Blair has been designated a vexatious litigant by (at least one) Florida court. *See* July 27, 2020 Order in *Blair v. Mascara*, Case No. 2020 SC 001998, viewed at https://courtcasesearch.stlucieclerk.com/BenchmarkWebExternal/ Home.aspx/Search (accessed April 14, 2022).

restriction has been applied to Blair many times. *See Blair v. Kentucky Correctional Psychiatric Center*, No. CV 17-191-DLB, 2017 WL 6813665, at *1-2 (E.D. Ky. Oct. 24, 2017) (citing cases).

However, it does not appear that Blair is currently a "prisoner." He indicated in his motion to proceed *in forma pauperis* that he was not incarcerated. (Doc. 8-1). Although he notes his arrest for domestic violence in this Complaint (Doc. 1, PageID 4), the Hamilton County, Ohio Municipal Court online docket sheet indicates that on November 19, 2021, Blair was found incompetent to stand trial and was ordered to undergo treatment at Summit Behavioral Healthcare. *See* Case No. 21CRB19983, viewed at https://www.courtclerk.org/records-search/search-by-case-number/ (accessed April 12, 2022).[2] It appears the case was dismissed on December 20, 2021, based on a finding that Blair remained not competent to stand trial, but that probate court proceedings were anticipated. *Id*. (citing Ohio Rev. Code §§ 2945.38, 5122.01, and 5123.01). (*See also* Complaint, Doc. 1, PageID 4 (wherein Blair cites Case No. 21CRB19983 and says he is at Summit but is "about to be placed on probate court March 18, 22")).

It is unclear if Blair was subject to civil commitment when he filed his Complaint or was still under the supervision of the criminal court. *See Simpson v. Large,* No. 3:17-cv-1200, 2018 WL 4776104, at *4 (M.D. Tenn. Oct. 3, 2018) (quoting *Merryfield v. Jordan*, 584 F.3d 923 (10th Cir. 2009) (noting that the Sixth Circuit has not reached the issue, but that "[o]ther circuit courts have unanimously concluded that individuals who are civilly committed are not 'prisoners' within the meaning of the PLRA."); *Jackson v. Johnson*, 475 F.3d 261, 267, n.6 (5th Cir. 2007) (noting "the distinction between criminal confinement and civil detention" identified by the Ninth and Eleventh Circuits with respect to "prisoners" under the PLRA); *but see Kalinowski v.*

---

[2] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

*Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (citing *Perkins v. Hedricks*, 340 F.3d 582 (8th Cir. 2003) (acknowledging cases that find that a person held on civil commitment is not a prisoner, but noting that "person[s] charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness" under the Illinois Sexually Dangerous Persons Act, *are* prisoners). This determination is made more difficult by the fact that records of probate court commitment proceedings in Ohio are not readily available. *See* Ohio Rev. Code § 5122.31(A) (concerning limited disclosure of "confidential" records under that chapter and sections 2945.38, 2945.39, and 2945.40, among others).

If Blair is not a "prisoner," then the PLRA's restriction on *in forma pauperis* complaints—including the limitations on "three strikers"—does not apply. But as this case and the cases filed in this Court and elsewhere demonstrate, Blair has not been deterred, by either the courts' consistent rejection of his claims, or by his "three striker" status, from filing repetitive complaints and motions raising similar, identical, or other meritless issues. *See, e.g., Blair v. Best Buy*, No. 1:13-cv-174, 2018 WL 4765093, at *1 (S.D. Ohio Sept. 12, 2018), *adopted*, 2018 WL 4761568 (S.D. Ohio Oct. 2, 2018) (sanctioning Blair after "the sixth post-judgment motion filed by Mr. Blair seeking reconsideration or reopening of his dismissed case," and after "this Court warned Mr. Blair that the continued filing of frivolous, meritless motions may result in sanctions, potentially including the summary denial of any future filings," and "Mr. Blair has failed to heed that warning"); *Blair v. Walmart*, No. 1:13cv173, 2018 WL 671336, at *2 (S.D. Ohio Feb. 2, 2018), *adopted* Feb. 27, 2018 (Doc. 52) (Barrett, J.) (after Blair was warned that continued post-judgment motion practice "would be deemed to be vexatious and a waste of judicial resources," the Court ordered the clerk to return further filings to Blair). For all these reasons, the Undersigned

recommends that this Court take action to safeguard its judicial resources and prevent further repetitive, abusive, or meritless litigation.

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303729, at *12 (S.D. Ohio Dec. 10, 2007)). And the Sixth Circuit has repeatedly upheld the prefiling restrictions that trial courts have imposed on vexatious litigators. *Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-CV-3305, 2021 WL 3637730, at *6-7 (S.D. Ohio Aug. 17, 2021) (collecting cases).

The Sixth Circuit also recognized that an order declaring a party to be a vexatious litigant should: "(1) provide notice to the plaintiff; (2) create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) narrowly tailor the order to closely fit the specific vice encountered." *Sultaana v. Corrigan*, No. 20-3896, 2021 WL 7160160, at *5 (6th Cir. Sept. 9, 2021) (citing *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019) (order) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)) (internal quotation marks omitted). Blair is provided the requisite notice by this Report and Recommendation. *Sultaana*, 2021 WL 7160160, at *5.

In light of his persistent filing practices, and on the basis of the record set out above, the Undersigned **RECOMMENDS** that the Court **DEEM** Delfon Blair a vexatious litigant and **ENJOIN** him from filing any new actions without either: (a) submitting a certification from an

11

attorney who is licensed to practice in this Court or the State of Ohio, stating there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to filing to determine if there is a good faith basis for the claims Plaintiff seeks to assert.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

3. The Court **DEEM** Plaintiff a vexatious litigant and **ENJOIN** him from filing any new actions without either: (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to filing to determine if there is a good faith basis for the claims Plaintiff seeks to assert.

April 19, 2022　　　　　　　　　　　　　　　　*S/Stephanie K. Bowman*
　　　　　　　　　　　　　　　　　　　　　　　STEPHANIE K. BOWMAN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE